IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REX CHAPPELL,

        Plaintiff,                       No. CIV S-10-2676 GGH P

   vs.

DUC, et al.,

        Defendants.          <u>ORDER</u>

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff will not be assessed an initial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

1

exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff alleges that since being transferred to his current prison he has been sleeping on a torn and lumpy mattress which has exacerbated existing back problems. On August 12, 2010, plaintiff was supposed to see the doctor but needed to be handcuffed before being taken to the doctor. Plaintiff wanted to be shackled with a waist chain rather than handcuffs, because handcuffs behind his back are painful. A guard handcuffed plaintiff behind his back which plaintiff alleges caused debilitating pain. Plaintiff was taken to see the doctor, but in order to see the doctor had to wait and was to be placed in a holding cell. Plaintiff objected to being placed in the cell while handcuffed, because he states he has seizures and could be injured. A guard said plaintiff could be handcuffed and placed in the holding cell or could return to his cell. Plaintiff chose to return to his cell. Plaintiff alleges that these incidents demonstrate deliberate indifference to his serious medical needs.

Plaintiff also alleges that he has submitted many sick call forms to see defendant Dr. Vuc for his back pain. Plaintiff contends he is seen by nurses but defendant Vuc refuses to see him despite being in severe pain.[1] The only information plaintiff has provided about his back is that his is back is "messed up, locked to one side. I live in pain 24 hrs a day..." Plaintiff has also provided a radiology report from 2004.

A great deal of plaintiff's complaint concerns inmate grievances. Plaintiff states that he has written numerous inmate grievances which have not been properly processed and many of the named defendants have conspired to reject inmate appeals and the defendant wardens cover up the actions.

Fed. R. Civ. P. 18(a) provides: "A party asserting a claim to relief as an original

---

[1] Yet, it is not entirely clear how defendant Vuc is refusing to see plaintiff, other than this is what plaintiff alleges a nurse told him.

1  claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as
2  alternate claims, as many claims, legal, equitable, or maritime as the party has against an
3  opposing party."  "Thus multiple claims against a single party are fine, but Claim A against
4  Defendant 1 should not be joined with unrelated Claim B against Defendant 2."  George v.
5  Smith, 507 F.3d 605, 607 (7th Cir. 2007).  "Unrelated claims against different defendants belong
6  in different suits[.]" Id.

7  Plaintiff's complaint will be dismissed and he will be granted leave to file an
8  amended complaint within 28 days of service of this order.  Plaintiff should not keep the various
9  claims against all the different defendants and must provide additional details regarding the
10 claims he wishes to pursue.

11 In order to state a claim for violation of the Eighth Amendment based on
12 inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence
13 deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).
14 To prevail, plaintiff must show both that his medical needs were objectively serious, and that
15 defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299,
16 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand).  The requisite state of
17 mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4
18 (1992).

19 A serious medical need exists if the failure to treat a prisoner's condition could
20 result in further significant injury or the unnecessary and wanton infliction of pain.  Indications
21 that a prisoner has a serious need for medical treatment are the following:  the existence of an
22 injury that a reasonable doctor or patient would find important and worthy of comment or
23 treatment; the presence of a medical condition that significantly affects an individual's daily
24 activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900
25 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01
26 (9th Cir. 1989).  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other

grounds, <u>WMX Technologies v. Miller</u>, 104 F.3d 1133 (9th Cir. 1997) (en banc).

In <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994) the Supreme Court defined a very strict standard which a plaintiff must meet in order to establish "deliberate indifference." Of course, negligence is insufficient. <u>Farmer</u>, 511 U.S. at 835. However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient. <u>Id</u>. at 836-37. Neither is it sufficient that a reasonable person would have known of the risk or that a defendant should have known of the risk. <u>Id</u>. at 842.

It is nothing less than recklessness in the criminal sense-subjective standard-disregard of a risk of harm of which the actor is actually aware. <u>Id</u>. at 838-842. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Id</u>. at 837. Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." <u>Id</u>. at 847. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." <u>Id</u>. at 842. If the risk was obvious, the trier of fact may infer that a defendant knew of the risk. <u>Id</u>. at 840-42. However, obviousness per se will not impart knowledge as a matter of law.

Furthermore, prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003), citing <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988). Even the nonexistence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. <u>Mann v. Adams</u>, 855 F.2d at 640. <u>See also</u>, <u>Buckley v. Barlow</u>, 997 F.2d 494, 495 (8th Cir. 1993); <u>Flick v. Alba</u>, 932 F.2d 728 (8th Cir. 1991); <u>Azeez v. DeRobertis</u>, 568 F.Supp. 8, 10 (N.D.Ill.1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"). Specifically, a failure to process a grievance does not state a

constitutional violation.  Buckley, supra.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff will not be assessed an initial filing fee.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this Order.

Failure to file an amended complaint will result in a recommendation that this action be dismissed.

DATED: December 13, 2010

                                             /s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH: AB
chap2676.b