IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REX CHAPPELL,

        Plaintiff,                       No. CIV S-10-2676 KJM GGH P

    vs.

DUC, et al.,                            ORDER &

        Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and is proceeding in forma pauperis.

        The undersigned screened plaintiff's original complaint on December 14, 2010, and dismissed it with leave to amend within twenty-eight days. The undersigned noted the deficiencies of plaintiff's complaint and described how plaintiff could overcome these deficiencies in an amended complaint. On January 11, 2011, plaintiff was granted a forty-five day extension of time to file his amended complaint. The forty-five day period expired and plaintiff never submitted an amended complaint or contacted the court. On March 21, 2011, the undersigned issued findings and recommendations that this action be dismissed.

        On April 11, 2011, plaintiff filed objections and indicated he was without his property and has since received his property back. The undersigned would normally allow

1

plaintiff an opportunity to file an amended complaint.  However, plaintiff states that he has reviewed the original complaint and feels there is no way to improve it and will not file an amended complaint.  Plaintiff states he should not have to amend and if the court insists, then it is a matter for the Ninth Circuit.

Rather than repeatedly refer to the prior screening order, the undersigned will include relevant portions below:

> Plaintiff alleges that since being transferred to his current prison he has been sleeping on a torn and lumpy mattress which has exacerbated existing back problems.  On August 12, 2010, plaintiff was supposed to see the doctor but needed to be handcuffed before being taken to the doctor.  Plaintiff wanted to be shackled with a waist chain rather than handcuffs, because handcuffs behind his back are painful.  A guard handcuffed plaintiff behind his back which plaintiff alleges caused debilitating pain.  Plaintiff was taken to see the doctor, but in order to see the doctor had to wait and was to be placed in a holding cell.  Plaintiff objected to being placed in the cell while handcuffed, because he states he has seizures and could be injured.  A guard said plaintiff could be handcuffed and placed in the holding cell or could return to his cell.  Plaintiff chose to return to his cell.  Plaintiff alleges that these incidents demonstrate deliberate indifference to his serious medical needs.
>
> Plaintiff also alleges that he has submitted many sick call forms to see defendant Dr. Vuc for his back pain.  Plaintiff contends he is seen by nurses but defendant Vuc refuses to see him despite being in severe pain.  FN1.  The only information plaintiff has provided about his back is that his is back is "messed up, locked to one side. I live in pain 24 hrs a day..."  Plaintiff has also provided a radiology report from 2004.
>
> FN1  Yet, it is not entirely clear how defendant Vuc is refusing to see plaintiff, other than this is what plaintiff alleges a nurse told him.
>
> A great deal of plaintiff's complaint concerns inmate grievances.  Plaintiff states that he has written numerous inmate grievances which have not been properly processed and many of the named defendants have conspired to reject inmate appeals and the defendant wardens cover up the actions.
>
> Fed. R. Civ. P. 18(a) provides: "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime as the party has against an opposing party."  "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  "Unrelated claims against different defendants belong in different suits[.]"  Id.
>
> Plaintiff's complaint will be dismissed and he will be granted leave to file an

2

amended complaint within 28 days of service of this order. Plaintiff should not keep the various claims against all the different defendants and must provide additional details regarding the claims he wishes to pursue.

In order to state a claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299, (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand). The requisite state of mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Indications that a prisoner has a serious need for medical treatment are the following: the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989). McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

In Farmer v. Brennan, 511 U.S. 825 (1994) the Supreme Court defined a very strict standard which a plaintiff must meet in order to establish "deliberate indifference." Of course, negligence is insufficient. Farmer, 511 U.S. at 835. However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient. Id. at 836-37. Neither is it sufficient that a reasonable person would have known of the risk or that a defendant should have known of the risk. Id. at 842.

****

Furthermore, prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Even the nonexistence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d at 640. See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991); Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill.1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"). Specifically, a failure to process a grievance does not state a constitutional violation. Buckley, supra.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

3

conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

December 14, 2010, Order (Doc. 5) at 3-6

Plaintiff may have some viable claims, but more information was needed in an amended complaint to make that determination and to remove any improper claims.  As plaintiff refuses to amend[1] the complaint, then the undersigned must recommend for the reasons stated above, this complaint be dismissed for failure to state a claim.  In addition, as the undersigned outlined ways to properly amend the complaint but plaintiff refuses, the undersigned must also recommend that this action be dismissed as frivolous.  It does not appear that plaintiff is concerned with proceeding with this action despite the leave to amend and a lengthy extension.  Rather, it seems plaintiff wishes only to appeal to the Ninth Circuit, which could potentially treat any appeal as frivolous as plaintiff has refused to properly proceed through the district court.

Accordingly, IT IS HEREBY ORDERED that the March 21, 2011, findings and recommendations are vacated.

IT IS HEREBY RECOMMENDED that for the reasons stated above and as plaintiff refuses to amend the complaint, this action be dismissed for failure to state a claim and as frivolous.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

---

[1] Plaintiff is well versed in the amendment process for civil rights complaints as he has filed approximately 16 actions.  At one point plaintiff was three strikes barred, but one of the strikes was overturned by the Ninth Circuit.  CV-S-02-2299 GEB KJM P.

fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.

DATED: April 25, 2011

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH: AB
chap2676.dis