IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REX CHAPPELL,

      Plaintiff,                  No. CIV S-10-2676 KJM GGH P

  vs.

DUC, et al.,

                                   ORDER and
      Defendants.           FINDINGS AND RECOMMENDATIONS
_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis who seeks relief pursuant to 42 U.S.C. § 1983. The undersigned screened plaintiff's original complaint on December 14, 2010, and dismissed it with leave to amend within twenty-eight days. The undersigned noted the deficiencies of plaintiff's complaint and described how plaintiff could overcome these deficiencies in an amended complaint. On January 11, 2011, plaintiff was granted a forty-five day extension of time to file his amended complaint. The forty-five day period expired and plaintiff never submitted an amended complaint or contacted the court. On March 21, 2011, the undersigned issued findings and recommendations that this action be dismissed.

        On April 11, 2011, plaintiff filed objections and indicated he was without his property and has since received his property back. The undersigned would normally have

1

allowed plaintiff an opportunity to file an amended complaint.  However, plaintiff stated that he had reviewed the original complaint and felt there was no way to improve it and would not file an amended complaint.  Plaintiff stated he should not have to amend and if the court insists, then it was a matter for the Ninth Circuit.

As a result, on April 26, 2011, the undersigned recommended that this case be dismissed for the reasons stated in the first screening order and as plaintiff refused to file an amended complaint.  On May 12, 2011, plaintiff filed objections, though it is not entirely clear who wrote the objections and if it is the same person who had written the prior filings for this case.  The objections state that plaintiff should not have to file an amended complaint, but if required he will comply.  The objections also say that even though plaintiff has filed nearly 16 actions, they have been filed by many other inmates as plaintiff pays others to do his work.  Apparently, plaintiff is prescribed a lot of psychotropic medication and according to the objections is not able to file anything.  While it may be common practice for inmates to aid one another, it is not clear if plaintiff's best interests are being considered.

Nevertheless, and out of an abundance of caution, plaintiff was provided a final opportunity to file an amended complaint.[1]  Plaintiff filed an amended complaint on July 8, 2011.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

---

[1] While the objections could perhaps be construed as an amended complaint, it was not clear if that was plaintiff's intention based on many of the statements made.

(9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

      A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

      In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

      Plaintiff's amended complaint is substantially similar to the original complaint and for the reasons that follow all claims should be dismissed except one claim which is dismissed with leave to amend. Plaintiff states that he suffers from serious back pain that has been made worse from sleeping on a bad mattress since his transfer to California State Prison Sacramento. On August 12, 2010, plaintiff was supposed to see defendant Doctor Duc, but

needed to be handcuffed before being taken to the doctor. Plaintiff wanted to be shackled with a waist chain rather than handcuffs, because handcuffs behind his back are painful. Defendant Whitehead handcuffed plaintiff behind his back.

Plaintiff was taken to see Doctor Duc, but in order to see the doctor, plaintiff had to wait and was to be placed in a holding cell as there were four other inmates handcuffed and waiting in holding cells to see the doctor first. Plaintiff objected to being placed in the holding cell while handcuffed, because he states he has seizures and could be injured, as it was such a small cell. Plaintiff also requested to be placed in waist chains instead or be placed in a larger holding cell. Defendant Strohmaier said plaintiff could be handcuffed and placed in the small holding cell or could return to his cell. Plaintiff chose to return to his cell.

Plaintiff alleges that these incidents demonstrate deliberate indifference to his serious medical needs. Plaintiff states that Doctor Duc, who never saw plaintiff, violated his Eighth Amendment rights. However, plaintiff has again failed to allege sufficient facts concerning Doctor Duc. Plaintiff's claims regarding Doctor Duc should be dismissed, however the claim against defendant Strohmaier, regarding forcing plaintiff to be placed in a small holding cell or returning to his normal cell, are dismissed with leave to amend. No further amendments will be allowed. Plaintiff must describe in detail the medical reasons why he could not be placed in a small holding cell and why he could not be handcuffed.

The remainder of the amended complaint discusses how plaintiff has written numerous inmate grievances which have not been properly processed and many of the named defendants have conspired to reject inmate appeals and the defendant wardens cover up the actions. Plaintiff was previously informed that pursuant to Ramirez v. Galaza, 334 F.3d 850 (9th Cir. 2003), prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Id., at 860. Therefore, these claims should be dismissed.

For all these reasons the undersigned will recommend that all defendants and claims in this action be dismissed except for defendant Strohmaier and the claim involving the

handcuffs and small holding cell.  The amended complaint is dismissed and plaintiff may file a second amended complaint within twenty-eight days.  The second amended complaint may only discuss the claim regarding defendant Strohmaier set forth above.  Failure to file a second amended complaint will result in a recommendation that his action be dismissed.

In order to state a claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 299, (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand).  The requisite state of mind for a medical claim is "deliberate indifference."  Hudson v. McMillian, 503 U.S. 1, 4 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  Indications that a prisoner has a serious need for medical treatment are the following:  the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989).  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

In Farmer v. Brennan, 511 U.S. 825 (1994) the Supreme Court defined a very strict standard which a plaintiff must meet in order to establish "deliberate indifference."  Of course, negligence is insufficient.  Farmer, 511 U.S. at 835.  However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient.  Id. at 836-37.  Neither is it sufficient that a reasonable person would

5

have known of the risk or that a defendant should have known of the risk. Id. at 842.

It is nothing less than recklessness in the criminal sense–subjective standard– disregard of a risk of harm of which the actor is actually aware. Id. at 838-842. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 842. If the risk was obvious, the trier of fact may infer that a defendant knew of the risk. Id. at 840-42. However, obviousness per se will not impart knowledge as a matter of law.

Furthermore, prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Even the nonexistence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d at 640. See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991); Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill.1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"). Specifically, a failure to process a grievance does not state a constitutional violation. Buckley, supra.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed

deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that the claim against defendant Strohmaier involving the handcuffs and being placed in a small holding cell is dismissed with leave to amend in twenty-eight days.  Failure to file a second amended complaint will result in a recommendation that this action be dismissed.

IT IS HEREBY RECOMMENDED that all defendants and claims in this action, except for the claim against defendant Strohmaier involving the handcuffs and being placed in a small holding cell, are dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are

////

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 18, 2011

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH: AB
chap2676.b2