IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REX CHAPPELL,

        Plaintiff,        No. 2:10-cv-2676 KJM AC P

   vs.

DUC, et al.,

        Defendants.        <u>ORDER</u>

                                /

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this action seeking relief pursuant to 42 U.S.C. § 1983. Before the court is "Plaintiff's Request for Court's Help in Serving the Attached Subpoena on those Individuals They Are Addressed...." (Doc. No. 43.) For the reasons given herein, plaintiff's request is denied.

        Plaintiff asks the court to assist with serving subpoenas directed at: (1) the warden at California State Prison, Sacramento, and (2) an unnamed supervisor at "California Department of Corrections, Information Systems Branch, Distribution Data Processing Unit." <u>See</u> Doc. No. 43 at 3, 6. From Mr. Virga, the warden, plaintiff seeks a roster of inmates who may have witnessed the incident which is the subject of this lawsuit. From the unnamed supervisor, he seeks the name of another potential witness, as well as copies of rules, regulations, and policies. <u>Id.</u>

1

1    On October 1, 2012, the court denied plaintiff's motion to reopen discovery,
2 noting in particular that:

> [d]iscovery began on May 3, 2012, and ended on August 31, 2012....Plaintiff seeks to reopen discovery in order to ascertain the identities of various inmates who witnessed the incident in order to obtain affidavits from the witnesses. Plaintiff seeks this information to counter the evidence presented by defendant's declaration in the motion for summary judgment. However, it is not clear, nor does plaintiff provide any explanation, why he did not seek to discover this information during the nearly four month discovery period that has already occurred and closed. Simply asking to reopen discovery without any explanation why this was not done before is insufficient.

See Order filed October 1, 2012, Doc. No. 41 at 1-2.

   A moving party must show good cause to modify a Scheduling Order. Fed.R.Civ.P. 16(b)(4); see Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir.2002). In determining whether good cause exists to reopen discovery, courts may consider a variety of factors. See United States ex rel. Schumer v. Hughes Aircraft Co., 63 F.3d 1512, 1526 (9th Cir.1995), cert. granted in part, 519 U.S. 926, 117 S.Ct. 293, vacated on other grounds, 520 U.S.939, 117 S.Ct. 1871 (1997), citing Smith v. United States, 834 F.2d 166, 169 (10th Cir. 1987). However, a good cause determination focuses primarily on the diligence of the moving party in his attempts to complete discovery in a timely manner. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir.1992) ("If [the moving party] was not diligent, the inquiry should end.").

   It would appear from a review of plaintiff's subpoenas that he is again seeking to discover information which he could have obtained during the open discovery period. Plaintiff does not address the court's October 1, 2012 denial in his request, nor, again, does he provide the court with any explanation of why he did not seek to discover this information during the now-closed discovery period. Plaintiff has failed to establish that there is good cause to modify the court's prior scheduling order in order to allow service of the subpoenas. The motion will accordingly be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for assistance with serving his subpoenas (Doc. No. 43) is denied.

DATED: November 21, 2012

_____/s/_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC: rb
chap2676.ord4