IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REX CHAPPELL,

        Plaintiff,           No. 2:10-cv-2676 KJM AC P

    vs.

DUC, et al.,

        Defendants.        <u>ORDER</u>

/

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

        On January 29, 2013, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-eight days. Plaintiff has filed objections to the findings and recommendations.

        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the file, the court adopts the findings and recommendations in part and denies them in part.

/////

1

The magistrate judge determined that plaintiff's complaint raised two issues: (1) defendant Strohmaier attempted to subject plaintiff to potentially life-threatening conditions by directing him to enter a holding cage while handcuffed and improperly offered a medical diagnosis; and (2) that when plaintiff refused to enter the cage and Strohmaier returned plaintiff to his cell, this effected a delay in his medical treatment. ECF No. 53 at 9. The magistrate judge recognized that defendant Strohmaier addressed only the first issue in his motion in summary judgment, but went on to resolve the second issue as well, finding that the motion for summary judgment "fairly includes this alternate, incipient theory as to defendant Strohmaier." ECF No. 53 at 12. In granting summary judgment on this basis, the magistrate judge observed that plaintiff did "not explain why defendant Strohmaier was responsible for the missed appointment, or – more importantly–for the one-month wait until plaintiff's September 16, 2010 appointment." ECF No. 53 at 14-15.

After reviewing defendant Strohmaier's motion for summary judgment, the court does not find the issue of delayed medical care fairly raised. Defendant Strohmaier argues only broadly that he did not violate plaintiff's Eighth Amendment rights because he did not subject plaintiff to "an extreme deprivation." ECF No. 36.

"'Sua sponte grants of summary judgment are only appropriate if the losing party has reasonable notice that the sufficiency of his or her claim will be in issue.'" *Norse v. City of Santa Cruz*, 629 F.3d 966, 971-72 (quoting *United States v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir.1985)). Before granting summary judgment in the absence of a formal motion, the court must give reasonable notice and an opportunity for the party against whom judgment is contemplated "to develop and present facts and legal arguments in support of its position." *Portsmouth Square, Inc. v. Shareholders Protective Comm.*, 770 F.2d 866, 869 (9th Cir. 1985). As the magistrate judge did not give plaintiff any notice that the sufficiency of his delay-in-treatment claim would be evaluated, this court cannot adopt the findings and recommendations on this issue.

1    The court agrees with the magistrate judge's analysis on the issue actually raised
2 by defendant Strohmaier's motion, as described above.   Although plaintiff appeared to be
3 making a motion to delay adjudication under Rule 56(d) of the Federal Rules of Civil Procedure,
4 he did not explain why he had delayed seeking the discovery he claimed was essential to his
5 defense of this issue. *See Qualls v. Blue Cross of California, Inc.*, 22 F.3d 839, 844 (9th
6 Cir.1994) (stating that party seeking a continuance must show a diligent pursuit of previous
7 opportunities for discovery).   The magistrate judge had previously denied two motions for
8 discovery filed after the discovery cut-off date, noting in each instance that plaintiff had not
9 explained why he had failed to pursue discovery earlier.  ECF Nos. 41, 51.
10       Accordingly, IT IS HEREBY ORDERED that:
11       1.  The findings and recommendations filed January 29, 2013, are adopted in part
12 and denied in part;
13       2.  Plaintiff's "Request for Subpoenas" (ECF No. 52) is denied;
14       3. Defendant's motion for summary judgment (ECF No. 36) is granted as to the
15 claim that defendant subjected plaintiff to an extreme deprivation of his rights but denied as to
16 the claim that defendant delayed plaintiff's receiving medical care; and
17       4. This case is remanded to the magistrate judge for further proceedings in
18 accordance with this order.
19 DATED:  March 30, 2013.

_____
UNITED STATES DISTRICT JUDGE