UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REX CHAPPELL,<br><br>             Plaintiff,<br><br>    vs.<br><br>DUC, et al.,<br><br>             Defendant. | No.  10-cv-02676-KJM-AC<br><br><br><br>ORDER |

On August 19, 2011, plaintiff, a state prisoner, filed his Second Amended Complaint ("SAC") against defendant Strohmaier, a correctional officer at plaintiff's prison. (ECF 19.)  Plaintiff alleged in his complaint that he suffers from a back disorder and was supposed to see defendant Doctor Duc on August 12, 2010.  Plaintiff alleged that he was put in handcuffs instead of a waist chain to be taken to the doctor, even though handcuffs hurt his back. Plaintiff alleged that while he was waiting to see the doctor, Strohmaier put him in "a very small cage with barely enough room to stand in without shoulder's [sic] touching both sides." (*Id.* at 6-7.) Plaintiff alleged that Strohmaier refused to remove plaintiff's handcuffs or put him in a larger cell where plaintiff could sit down, even though he told Strohmaier that due to his back problems, he would have a seizure and break his neck.  (*Id.* at 7-8.)  Strohmaier told plaintiff he could remain in the small cell with his handcuffs or else return to his own cell.  Plaintiff returned to his cell.  (*Id.* at 8-9.)

1

Plaintiff brought Eighth Amendment claims against Strohmaier and Duc. (*Id.*) The magistrate judge issued findings and recommendations on July 19, 2011, recommending that all claims against all defendants be dismissed, except for the claim against Strohmaier regarding the handcuffing, being placed in a small cell, and returning to his own cell. (ECF 17.) On January 5, 2012, this court adopted the findings and recommendations in full. (ECF 25.)

On August 28, 2012, Strohmaier filed a motion for summary judgment. (ECF 36.) The magistrate judge issued findings and recommendations on January 29, 2013, recommending that the motion be granted. (ECF 53.) This court adopted the findings and recommendations in part as follows:

> The magistrate judge determined that plaintiff's complaint raised two issues: (1) defendant Strohmaier attempted to subject plaintiff to potentially life-threatening conditions by directing him to enter a holding cage while handcuffed and improperly offered a medical diagnosis; and (2) that when plaintiff refused to enter the cage and Strohmaier returned plaintiff to his cell, this effected a delay in his medical treatment. ECF No. 53 at 9. The magistrate judge recognized that defendant Strohmaier addressed only the first issue in his motion in summary judgment, but went on to resolve the second issue as well, finding that the motion for summary judgment "fairly includes this alternate, incipient theory as to defendant Strohmaier." ECF No. 53 at 12. In granting summary judgment on this basis, the magistrate judge observed that plaintiff did "not explain why defendant Strohmaier was responsible for the missed appointment, or – more importantly–for the one-month wait until plaintiff's September 16, 2010 appointment." ECF No. 53 at 14-15.
>
> After reviewing defendant Strohmaier's motion for summary judgment, the court does not find the issue of delayed medical care fairly raised. Defendant Strohmaier argues only broadly that he did not violate plaintiff's Eighth Amendment rights because he did not subject plaintiff to "an extreme deprivation." ECF No. 36.
>
> . . . As the magistrate judge did not give plaintiff any notice that the sufficiency of his delay-in-treatment claim would be evaluated, this court cannot adopt the findings and recommendations on this issue.

(ECF 57.) The case was remanded to the magistrate judge for further proceedings.

Strohmaier filed a request for reconsideration on April 8, 2013. (ECF 58.) He argues that the court should not have addressed plaintiff's claim that when he was returned to his

2

1 own cell after refusing to stay in the smaller cell, it delayed his medical treatment, because the
2 court's January 5, 2012 order had already dismissed all claims "except for the claim against
3 defendant Strohmaier involving the handcuffs and being placed in a small holding cell . . . ."
4 (ECF 58 at 2, citing ECF 25.)

5 However, the court's January 5 order adopted the magistrate judge's July 19,
6 2011 findings and recommendations in full; the recommendations stated specifically that
7 plaintiff's claim involving "returning to his normal cell" would not be dismissed. (ECF 17 at 4.)
8 Moreover, the findings and recommendations explained that plaintiff's Eighth Amendment claim
9 against Strohmaier for deliberate indifference to his medical needs would remain. (*Id.* at 4-6.)
10 Accordingly, Strohmaier's request for reconsideration is DENIED.

11 IT IS SO ORDERED.

12 DATED: August 8, 2013.

_____
UNITED STATES DISTRICT JUDGE